UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X           Docket No._____

AUTOBUS LA QUÉBÉCOISE, INC.

                                          Plaintiff,

                                          **COMPLAINT**

                                          **Trial by jury demanded**

-against-

WATERWORKS, A JOINT VENTURE,
OHL-USA, INC., and JUDLAU CONTRACTING, INC.,

                                          Defendants.
-------------------------------------------------------------------X

      Plaintiff, GROUPE LA QUÉBÉCOISE, INC. d/b/a AUTOBUS LA QUÉBÉCOISE (hereinafter, "Autobus") by its attorney, Michael J. Doyle, alleges as follows:

Parties and Jurisdiction

      1.     At all material times herein, plaintiff Autobus is and was a citizen and resident of the province of Québec, Canada and operated tour bus services to venues in the United States, including New York.

      2.     Defendant WATERWORKS, A JOINT VENTURE, (hereinafter, "Waterworks") is a joint venture engaged in road construction and repair, tunnel construction and repair and other public works in the city of New York with offices at 26-15 Ulmer Street College Point, New York 11354 and 14-45 117th Street College Point, New York 11236.

3.      Upon information and belief, Waterworks is a joint venture of defendant OHL-USA, INC. ("OHL"), a Delaware Corporation with offices at 9725 NW 117th Avenue, Suite 105, Miami, FL 33178 and defendant JUDLAU CONTRACTING, INC. ("Judlau"), a New York Corporation with offices at 26-15 Ulmer St., College Point, New York, 11354.

4.      This suit is a claim for property damage to plaintiff's bus which occurred on April 5, 2013 ("applicable date") at 49th Street and 10th Avenue in the City, County and State of New York ("subject location").

5.      There is complete diversity of citizenship per 28 USC 1332 and 28 USC 1441 between plaintiff Autobus and each defendant and the amount in issue is greater than $75,000.00.

6.      Defendant OHL is subject to New York "long-arm" jurisdiction insofar as it has substantial contacts with the State of New York and the Southern District of New York and carries on substantial business, including waterworks, tunnel, road, street and similar construction, maintenance and repair in the City, County and State of New York, individually, or via its joint venture, Waterworks, or in combination with co-defendants. Defendant OHL transacts or transacted business within the State of New York, contracted to transact business to supply goods and services in the State of New York, committed tortious acts within the State of New York, causing damage to plaintiff within the State of New York, solicits business and/or engages in other persistent conduct within the State of New York or derives substantial revenue from goods used or consumed or services rendered within the State of New York, expects or should have expected its acts to have consequences in the State of New York, derives or derived substantial revenue from interstate and international commerce, or owned used or possessed real property situated in the State of New York.

2

The Facts

7.Upon information and belief, the City of New York engaged Waterworks in a $223,759,690 contract to install 48-inch, 36-inch, 20-inch, and 12-inch water mains in and around Manhattan, including the intersection of 49th St. and 10th Avenues, under an agreement with the City of New York designated the "MED-609 Contract."

8.Upon information and belief, as part of that contract, the City of New York, required Waterworks, its agents, employees, servants, subcontractors and joint venturers to maintain the subject intersection in a safe, non-hazardous condition, supervise the site, and ensure safe passage of vehicular traffic.

9.Upon information and belief, as part of that contract, the City of New York, required Waterworks, its agents, employees, servants, subcontractors and joint venturers to cordon-off, or render inaccessible, or restrict ingress and egress by vehicular traffic, to hazardous and dangerous sections of its work site.

10.Upon information and belief, as part of that contract, the City of New York, required Waterworks, its agents, employees, servants, subcontractors and joint venturers to post warning signs where special care and caution was required of vehicular traffic.

11.Upon information and belief, on or about April 5, 2013, areas of the intersection of 49th Street and 10th Avenue had been excavated.

12.Upon information and belief, on or about April 5, 2013, excavated areas of the intersection of 49th St. and 10th Avenue had been temporarily covered with steel or metal plates, which are designed, when properly secured, to allow passage of vehicular traffic over the excavation site.

13.On April 5, 2013, a passenger bus operated by plaintiff Autobus approached the subject intersection heading westbound on 49th Street enroute to the Lincoln Tunnel, stopped at a red light, proceeded forward on a green light into the intersection and was damaged when one or more loose, defective or improperly secured steel or metal plates caused the rear wheels of the bus to be damaged, rendering it all-but uncontrollable, forcing it to be towed from the scene of the occurrence.

3

14. As a direct result of that occurrence, plaintiff's bus was damaged and plaintiff suffered causally-related consequential damages, including physical damage, towing charges, replacement bus charter costs for its passengers, lost revenue, reputation damage and associated damages in an amount of at least $250,000.

15. Upon information and belief, the negligence of defendant Waterworks and co-defendant joint venturers OHL and Judlau was the actual cause or efficient cause of the damages suffered by plaintiff.

16. Upon information and belief, the acts and failures to act of defendant Waterworks and co-defendant joint venturers OHL and Judlau created the hazardous and dangerous condition at the subject intersection.

17. Upon information and belief, defendant Waterworks and co-defendant joint venturers OHL and Judlau had actual notice of the dangerous and hazardous condition at the subject intersection but failed to remedy it.

18. Upon information and belief, defendant Waterworks and co-defendant joint venturers OHL and Judlau had constructive notice of the dangerous and hazardous condition at the subject intersection but failed to remedy it.

19. The "MED 609 Contract" is one of 11 in a multi-year multiphase construction projection designed to connect various parts of the city to a new water tunnel.

20. As part of that project, Waterworks, its agents, employees, servants, subcontractors and joint venturers, including co-defendants OHL and Judlau, were required to close hazardous areas to vehicular traffic and place warning signs and undertake other measures for the safety of users of New York intersections, streets and avenues, including vehicular traffic.

21. Upon information and belief, defendants OHL and Judlau are liable for the negligence of their joint venture and for any acts or failures to act of Waterworks, its agents, employees, servants, subcontractors and joint venturers, or their own agents, employees, servants, subcontractors and joint venturers.

22. Upon information and belief each defendant had a duty to maintain safe conditions and to install, properly maintain, and properly supervise the operation of construction, repair, maintenance and similar work at the intersection of 49th St. and 10th Avenue on April 5, 2013.

4

## FIRST COUNT

23.     Plaintiff repeats and reiterates Paragraphs 1-22, herein.

24.     Defendant Waterworks, its agents, employees, servants, subcontractors and joint venturers, are liable in negligence for failing to properly install, maintain and secure steel or metal plates covering the excavation at the subject intersection on the applicable date.

## SECOND COUNT

25.     Plaintiff repeats and reiterates Paragraphs 1-24, herein.

26.     Defendant Waterworks, its agents, employees, servants, subcontractors and joint venturers, are liable in negligence for failing to properly supervise and make safe the subject intersection on the applicable date.

## THIRD COUNT

27.     Plaintiff repeats and reiterates Paragraphs 1-26, herein.

28.     Defendant Waterworks, its agents, employees, servants, subcontractors and joint venturers, are liable in negligence for failing to properly erect warning signs, barriers or undertake similar protective measures to protect vehicular traffic, including plaintiff, from the dangerous and hazardous condition at the subject intersection on the applicable date.

## FOURTH COUNT

29.     Plaintiff repeats and reiterates Paragraphs 1-28, herein.

30.     Defendant OHL, its agents, employees, servants, subcontractors and joint venturers, are liable in negligence for failing to properly install, maintain and secure steel or metal plates covering the excavation at the subject intersection on the applicable date.

## FIFTH COUNT

31. Plaintiff repeats and reiterates Paragraphs 1-30, herein.

32. Defendant OHL, its agents, employees, servants, subcontractors and joint venturers, are liable in negligence for failing to properly supervise and make safe the subject intersection on the applicable date.

## SIXTH COUNT

33. Plaintiff repeats and reiterates Paragraphs 1-32, herein.

34. Defendant OHL, its agents, employees, servants, subcontractors and joint venturers, are liable in negligence for failing to properly erect warning signs, barriers or undertake similar protective measures to protect vehicular traffic, including plaintiff, from the dangerous and hazardous condition at the subject intersection on the applicable date.

## SEVENTH COUNT

35. Plaintiff repeats and reiterates Paragraphs 1-34, herein.

36. Defendant Judlau, its agents, employees, servants, subcontractors and joint venturers, are liable in negligence for failing to properly install, maintain and secure steel or metal plates covering the excavation at the subject intersection on the applicable date.

## EIGHTH COUNT

37. Plaintiff repeats and reiterates Paragraphs 1-36, herein.

38. Defendant Judlau, its agents, employees, servants, subcontractors and joint venturers, are liable in negligence for failing to properly supervise and make safe the subject intersection on the applicable date.

NINTH COUNT

39. Plaintiff repeats and reiterates Paragraphs 1-38, herein.

40. Defendant Judlau, its agents, employees, servants, subcontractors and joint venturers, are liable in negligence for failing to properly erect warning signs, barriers or undertake similar protective measures to protect vehicular traffic, including plaintiff, from the dangerous and hazardous condition at the subject intersection on the applicable date.

**WHEREFORE,** may it please this court to grant plaintiff damages on its FIRST through NINTH counts in an amount of $250,000.00, together with costs, interest at the judicial rate, and such other and further relief as to this court may appear just and equitable.

Dated: New York, New York
May ___, 2015

Yours etc.,

_____[S_____
MICHAEL J. DOYLE, ESQ. (MJD-0552)
30 Wall Street, 8th Floor
New York, New York 10005
(212) 859-5020
(212) 898-1196 fax

7

## AFFIDAVIT

PROVINCE OF QUEBEC, CANADA
JUDICIAL DISTRICT OF QUÉBEC

I, **MATHIEU GINGRAS**, being duly sworn, depose and says: I am the president of Plaintiff corporation in the within action; I have read the foregoing Summons and Complaint and know the contents thereof; the same is true to my own knowledge, except as to matters therein stated to be alleged upon information and belief, and as to those matters I believe them to be true.

**MATHIEU GINGRAS**
President

Sworn to before me this
___ day of _____, 2015

Notary Public / Commissioner for the taking
of Oaths

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X        **Docket No._____**

AUTOBUS LA QUÉBÉCOISE, INC.

                            Plaintiff,        **SUMMONS &
                                                                           COMPLAINT**

                                                                              **Trial by jury demanded**

-against-

WATERWORKS, A JOINT VENTURE,
OHL-USA, INC., and JUDLAU CONTRACTING, INC.,


                            Defendants.
-----------------------------------------------------------------X

                                                _____[S_____
                                                MICHAEL J. DOYLE, ESQ. (MJD-0552)
                                                30 Wall Street, 8th Floor
                                                New York, New York 10005
                                                (212) 859-5020
                                                (212) 898-1196 fax